JUSTICE COTTER
dissents.
¶23 I respectfully dissent. I think the Court over-parses the issue before us, and deprives the district courts of the latitude needed to arrive at a “customary hourly rate” in this type of case. I would conclude that the District Court reached the correct result and therefore would affirm.
¶24 As noted above at ¶ 11, § 70-30-306, MCA, defines “reasonable and necessary attorney fees” as “the customary hourly rates for an attorney’s services in the county in which the trial is held.” The *412 majority concludes that this language limits a district court to considering only “hourly rates typical or common for a non-specific attorney’s services in the county in which the trial is held.” Opinion, ¶ 14.1 disagree. However, assuming for the sake of argument that the Forrester factors should not have been considered, there was, in my judgment, sufficient evidence presented to support the court’s ruling even without consideration of these factors.
¶25 The evidence included multiple affidavits from attorneys practicing in Flathead County for many years. In fact, together with the affidavits of the two attorneys representing American Bank, affidavits of four local attorneys were presented, all of which supported a rate of $250 as fair, reasonable and customary. Additionally, the court received a stipulation by the City of Whitefish that a local attorney’s hourly rate in a condemnation case was $250. Had the court simply considered this evidence alone, it was enough to support a determination that the charged fees were customary, and “reasonable and necessary.”
¶26 However, I disagree that it was error for the District Court to consider the Forrester factors. The words “reasonable and necessary” in § 70-30-306(1), MCA, are not displaced by the requirement of “customary fees” in § 70-30-306(2), MCA. A determination of “reasonable and necessary” mandates considering the circumstances involved. The circumstances of the case before us illustrate this necessity. Notably, the District Court concluded that the affidavits supported an hourly fee of $250 for attorney Edwards after considering, among other things, Edwards’ area of expertise and the length of his legal career. Conversely, relying on the same factors, the court determined that attorney Culver’s length of experience did not warrant the “customary hourly rate” appropriate to a more senior attorney and therefore awarded a lesser fee for Culver’s services. Without explanation, but presumably based on the same considerations, the court awarded a still lesser hourly fee to attorney Armstrong. I would conclude the court did so properly, based upon the circumstances before it. Had the court instead determined that “reasonable and necessary” required only the consideration of the customary hourly fees in the county, it could have conceivably-based upon the affidavits presented-awarded $250 per hour for all three attorneys, regardless of their levels of experience, expertise or skill. This would not be reasonable or just.
¶27 The “customary hourly rate” for a second-year Flathead County attorney in a condemnation case would be markedly lower than the *413 “customary hourly rate” for an attorney with thirty years experience practicing in the same case and county. Because this is so, a determination of what is “customary” should not be made in a vacuum. Context is needed. In our ruling today, we effectively deprive the district courts of resort to that context, and in so doing, assure an arbitrary result rather than one grounded in the realities of the particular case.
¶28 For the foregoing reasons, I would affirm the decision of the District Court. I therefore dissent.